# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

LESLIE W. SMITH     PLAINTIFF

v.     No. 3:09CV137-M-S

THE MS BAR AND MEMBERS, ET AL.     DEFENDANTS

## ORDER OF DISMISSAL

The court, *sua sponte,* takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. The plaintiff, a prisoner proceeding *pro se*, seeks to sue the prosecuting attorney, Smith's appellate and state post-conviction counsel, and the Mississippi Bar Association for violating his constitutional rights regarding his criminal conviction and sentence imposed under the laws of Mississippi. He seeks an order from this court directing the state court to reverse and remand his criminal case for a new trial or appeal. The plaintiff does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). As the plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, his claim under 42 U.S.C. § 1983 is not ripe for consideration and should be dismissed without prejudice to his ability to file a *habeas corpus* claim under 28 U.S.C. § 2254.

In addition, prosecutors enjoy absolute immunity from civil suit for actions arising out of their duties as advocates.[1] A prosecutor is absolutely immune from any suit arising out of his

---

[1] Although prosecutors enjoy only qualified immunity when they function as investigators or administrators, *Imbler*, 424 U.S. at 430, the plaintiff has not states how the prosecutor in his case performed a deficient investigation – nor what evidence a more thorough investigation

duties as an advocate, regardless of the egregious nature of the allegations. *Imbler v. Pachtman*, 424 U.S. 409 (1976)(prosecutor absolutely immune from liability where he knowingly used perjured testimony, deliberately withheld exculpatory evidence, and failed to disclose all facts casting doubt upon state's testimony); *Esteves v. Brock*, 106 F.3d 674 (5th Cir. 1997)(prosecutor absolutely immune from claims of using peremptory challenges in racially discriminatory manner); *Brandley v. Keeshan*, 64 F.3d 196 (5th Cir. 1995)(prosecutory absolutely immune from claim of witness intimidation and suppression of evidence, even if prosecutor knew of and directed witness intimidation and suppression of evidence); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)(prosecutor immune from suit alleging knowing use of perjured testimony, malicious prosecution, and conspiring with the judge to predetermine the outcome of a judicial proceeding).

Further, a claim under § 1983 must involve constitutional violations arising under color of state law" and defense attorneys do not qualify as state actors. *Nelson v. Stratton,* 469 F.2d 1155 (5th Cir.1972), *cert. denied,* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973) (even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983). As such, Smith's allegations against the attorneys representing him in his state criminal case are without merit and must be dismissed for failure to state a constitutional claim.

Finally, the plaintiff's claims against the Mississippi Bar Association arise solely out of its function as an adjudicative body. The members of the Mississippi Bar who participated in Smith's accusations of misconduct by these defendants are therefore covered by judicial immunity, which is absolute. *See Montero v. Travis,* 171 F.3d 757, 760-61 (2d Cir.1999). Thus,

---

might have unearthed. Such bare allegations are insufficient to sustain a claim under 42 U.S.C. § 1983. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)*; Young v Biggers*, 938 F2d 565 (Miss. 1991).

Smith's claims against the Mississippi Bar will be dismissed with prejudice.

In sum, all of the plaintiff's claims in this case are **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

**SO ORDERED,** this the 2nd day of March, 2010.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**